IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY TAUBER, Derivatively on Behalf of INTEGRAL AD SCIENCE HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> LISA UTZSCHNEIDER, MICHAEL FOSNAUGH, BRIDGETTE HELLER, CHRISTINA LEMA, JILL PUTMAN, ROD ALIABADI, MARTIN TAYLOR, OTTO BERKES, BROOKE NAKATSUKASA, and TANIA SECOR, <br><br> Individual Defendants, <br><br> and <br><br> INTEGRAL AD SCIENCE HOLDING CORP., <br><br> Nominal Defendant. | Case No.: 1:25-cv-02039-LAK <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 6-12-25 |
| JOEL NEWMAN, Derivatively on Behalf of INTEGRAL AD SCIENCE HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> LISA UTZSCHNEIDER, TANIA SECOR, ROD ALIABADI, OTTO BERKES, MICHAEL FOSNAUGH, BRIDGETTE HELLER, CHRISTINA LEMA, BROOKE NAKATSUKASA, JILL PUTMAN, and MARTIN TAYLOR, <br><br> Defendants, <br> -and- <br><br> INTEGRAL AD SCIENCE HOLDING CORP., <br><br> Nominal Defendant. | Case No.: 1:25-cv-04622 |

### STIPULATION AND [PROPOSED] ORDER REGARDING CONSOLIDATION OF RELATED DERIVATIVE ACTIONS, APPOINTMENT OF CO-LEAD COUNSEL FOR PLAINTIFFS, AND SERVICE

WHEREAS, on March 11, 2025, Plaintiff Harvey Tauber filed a shareholder derivative action on behalf of Nominal Defendant Integral Ad Science Holding Corp. ("IAS" or the "Company") in this Court, alleging, *inter alia*, violations of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty, and unjust enrichment against Defendants Lisa Utzschneider, Michael Fosnaugh, Bridgette Heller, Christina Lema, Jill Putman, Rod Aliabadi, Martin Taylor, Otto Berkes, Brooke Nakatsukasa, and Tania Secor (the "Individual Defendants" and with IAS, "Defendants"), captioned *Tauber v. Utzschneider, et al.*, Case No. 1:25-cv-02039 (the "*Tauber* Action");

WHEREAS, there is currently pending in this Court a putative securities class action against IAS, Lisa Utzschneider, Tania Secor, and Vista Equity Partners Management LLC, captioned *Oklahoma Firefighters Pension and Retirement System v. Integral Ad Science Holding Corp., Lisa Utzschneider, Tania Secor, and Vista Equity Partners Management, LLC*, 1:25-CV-00847-LAK (the "Securities Action");

WHEREAS, on May 14, 2025, the Court granted a Stipulation and Order staying the *Tauber* Action pending certain potential outcomes in the Securities Action (the "May 14 Order");

WHEREAS, on June 2, 2025, Plaintiff Joel Newman (together with Harvey Tauber, "Plaintiffs") filed a shareholder derivative action on behalf of IAS in this Court, alleging violations of the Exchange Act, breach of fiduciary duties, and unjust enrichment against the Individual Defendants, captioned *Newman v. Utzschneider, et al.*, Case No. 1:25-cv-04622 (the "*Newman* Action," and together with the *Tauber* Action, the "Related Derivative Actions");

WHEREAS, Plaintiffs and Defendants (together, the "Parties") agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve the same questions of law and fact, and that the efficient and orderly administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties agree that the terms of the May 14 Order apply to the Related Derivative Actions;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. and Levi & Korsinsky, LLP, the firm resumes of which are attached hereto as Exhibits A and B, respectively, shall be designated as Co-Lead Counsel representing Plaintiffs in the Related Derivative Actions;

WHEREAS, Defendants take no position on the appointment of lead counsel for Plaintiffs;

WHEREAS, Defendants, by entering into this stipulation, do not waive and expressly reserve all rights, claims and defenses (except as specified below) including that Article 12, Section 1 of the Company's Certificate of Incorporation specifies the Delaware Court of Chancery as the exclusive forum for various actions, including those asserting derivative or fiduciary claims.

NOW THEREFORE, IT IS HEREBY AGREED AND STIPULATED by and among the Parties, by and through their respective counsel of record, as follows:

1. The stay of proceedings ordered in the May 14 Order is temporarily lifted for the limited purpose of the filing of, and ruling on, this Stipulation. The Related Derivative Actions are otherwise stayed as set forth below.

2. Defendants' undersigned counsel hereby accepts service of the complaint filed in the *Newman* Action on behalf of the Defendants that they represent, provided however, that the acceptance of service shall not waive any rights, claims, and defenses belonging to Defendants, other than a defense as to the sufficiency of service of process. For the avoidance of doubt, Defendants' reservation of rights, claims, and defenses includes, without limitation, any and all defenses on the merits, any and all jurisdictional defenses, any and all motions to dismiss pursuant to the doctrine of *forum non conveniens*, any and all motions to transfer, any and all other motions that seek relief based on Article 12, Section 1 of the Company's Certificate of Incorporation, and any and all other rights, claims, and defenses, other than a defense as to the sufficiency of service of process.

3. The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No.: 1:25-cv-02039-LAK (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Tauber v. Utzschneider, et al.* | Case No. 1:25-cv-02039-LAK | March 11, 2025 |
| *Newman v. Utzschneider, et al.* | Case No. 1:25-cv-04622 | June 2, 2025 |

4. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE INTEGRAL AD SCIENCE HOLDING CORP. DERIVATIVE LITIGATION | Case No. 1:25-cv-02039-LAK<br><br>(Consolidated with Case No. 1:25-cv-04622) |
| This Document Relates To:<br><br>ALL ACTIONS | |

5. All papers filed in connection with the Consolidated Action will be maintained in

one file under C.A. No. 1:25-cv-02039-LAK. All documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

6. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Integral Ad Science Holding Corp. Derivative Litigation*, Lead Case No. 1:25-cv-02039-LAK, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Integral Ad Science Holding Corp. Derivative Litigation*, Lead Case 1:25-cv-02039-LAK, and counsel are to assist in ensuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving IAS filed in this Court.

7. As requested solely by Plaintiffs, Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: vl@rl-legal.com

**LEVI & KORSINSKY, LLP**
Correy A. Suk
Gregory M. Nespole
Daniel Tepper
33 Whitehall Street, 17th Floor

New York, NY 10004
Telephone: (212) 363-7500
Email: csuk@zlk.com
Email: gnespole@zlk.com
Email: dtepper@zlk.com

8. Defendants take no position on the selection of lead counsel or the appointments set forth above.

9. Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

10. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

11. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

12. The terms of the May 14 Order staying the *Tauber* Action shall apply to the Consolidated Action in its entirety. For the avoidance of doubt, all proceedings in the Consolidated Action, including all deadlines to move to dismiss, answer, or otherwise respond to the complaints filed in each of the Related Derivative Actions, and all discovery and disclosure obligations under the applicable local and federal rules, shall be extended and temporarily stayed until (i) the forthcoming motion(s) to dismiss the Securities Action is granted, and the Securities Action is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted; (ii) the Securities Action is resolved or dismissed by settlement; or (iii) the resolution of any motion(s)

for summary judgment in the Securities Action.

13. In accordance with the May 14 Order, nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that any party have, with respect to the claims set forth in the Consolidated Action or any of the Related Derivative Actions.

**IT IS SO STIPULATED.**

Dated: June 11, 2025          **RIGRODSKY LAW, P.A.**

/s/ Vincent A. Licata
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: vl@rl-legal.com

*Counsel for Plaintiff Harvey Tauber and [Proposed] Co-Lead Counsel*

**LEVI & KORSINSKY, LLP**

/s/ Correy A. Suk
Correy A. Suk
Gregory M. Nespole
Daniel Tepper
33 Whitehall Street, 17th Floor
New York, NY 10004
csuk@zlk.com
gnespole@zlk.com
dtepper@zlk.com

*Counsel for Plaintiff Joel Newman and [Proposed] Co-Lead Counsel*

Dated: June 11, 2025          **KIRKLAND & ELLIS LLP**

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C.
Stefan Atkinson, P.C.

Alexander J. Rodney
Jeffrey R. Goldfine
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
alexander.rodney@kirkland.com
jeffrey.goldfine@kirkland.com

*Counsel for Defendants Rod Aliabadi, Michael Fosnaugh, Christina Lema, Brooke Nakatsukasa, Martin Taylor, Lisa Utzschneider, and Jill Putman*

**WILK AUSLANDER LLP**

/s/ Stuart M. Riback
Stuart M. Riback
825 Eighth Avenue, Suite 2900
New York, NY 10019
Telephone: (212) 981-2326
sriback@wilkauslander.com

*Counsel for Defendants Bridgette Heller and Otto Berkes, and Nominal Defendant Integral Ad Science Holding Corp.*

**HARRIS ST. LAURENT & WECHSLER LLP**

/s/ Andrew St. Laurent
Andrew St. Laurent
40 Wall Street, 53rd Floor
New York, NY 10005
Telephone: (646) 248-6010
andrew@hs-law.com

*Counsel for Defendant Tania Secor*

SO ORDERED

LEWIS A. KAPLAN, USDJ

6/12/25